UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANDREA NELSON** | **CASE NO. 6:24-CV-01307** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **RELIANCE STANDARD LIFE INSURANCE** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

**RULING**

Plaintiff Andrea Nelson challenges a claim administrator's denial of her claim for disability benefits under a plan governed by the Employee Retirement Income Security Act of 1974 (ERISA). The present matters before the Court are (1) the Motion for Summary Judgment filed by the claims administrator, Reliance Standard Life Insurance [ECF No. 12], and (2) the Motion in Limine [ECF No. 11] and Cross-Motion for Summary Judgment [ECF No. 16] file by Nelson. All three motions pertain to the contents of the administrative record supporting Reliance's denial of benefits and Nelson's subsequent administrative appeal.

**I.**
**BACKGROUND**

Nelson challenges Reliance's denial of her claim for long-term disability benefits under her employer-provided plan. Nelson was employed as a Technical Services Sales Representative for Brill, Inc. at the time she made her claim. Nelson was a beneficiary and participant in Brill's employee benefits plan, and one of the benefits of the plan was long-term disability insurance.[1]

---

[1] ECF No. 1 at ¶¶ 5-8.

1

Nelson alleges that Reliance contracted with Brill and the administrator of its plan to act as claims administrator for the plan, to determine eligibility for benefits under the plan, and to provide insurance for disability benefit payment obligations under the plan.[2] Nelson contends that, beginning on October 7, 2020, she "became, remains, and will continue permanently to be, disabled from her own former occupation, as well as any occupation… as a result of disabling medical conditions including acute stroke with left hemiplegia, uncontrolled diabetes, hypertension, and encephalopathy, required medical treatment and medications."[3] Accordingly, Nelson filed a claim for long-term disability. Reliance approved her claim on April 6, 2021, and she started receiving long-term disability payments from Reliance.[4]

On August 12, 2022, Reliance notified Nelson that, under the plan, she "must satisfy a stricter definition of Total Disability" on the two-year anniversary of the date she started receiving benefit payments (April 6, 2023).[5] This stricter definition required proof that Nelson was "unable to perform the material duties of any occupation that [her] training, education or experience will reasonably allow."[6] Before this two-year anniversary date, Nelson merely had to show that she was disabled from her "regular occupation" to receive disability benefits under Brill's benefit plan.[7] Reliance's August 12th letter to Nelson instructed her to complete and promptly return the "Authorization to Release Information, Activities of Daily Living, [and] Educational Occupation

---

[2] *Id.*
[3] *Id.* at ¶ 10.
[4] ECF No. 7-1 at 271.
[5] *Id.*
[6] *Id.*
[7] *Id.*

form" included with the letter.[8] The letter also directed Nelson to provide any "medical or vocational information that you would like us to consider in making our decision."[9]

On November 6, 2022, Reliance denied Nelson's claim for continued disability benefits.[10] The reason stated for the denial was that Nelson did not provide updated medical information or the form included with the August 12th letter.[11] Reliance informed Nelson of the basis for the denial: "after several attempts were made, this information was not returned, therefore, it was unclear what your level of impairment was and benefits were terminated as of November 6, 2022."[12] Reliance also informed Nelson of her right to appeal the denial of benefits.[13]

On March 15, 2023, Nelson appealed Reliance's decision to end her long-term disability benefits.[14] On March 29, 2023, Reliance e-mailed Nelson acknowledging receipt of her appeal and explaining the procedure for the appeal.[15] Reliance further requested additional, updated medical records—including an itemized list of records from three of Nelson's treating physicians.[16] Reliance also requested that Nelson complete the "Authorization to Release Information, Activities of Daily Living, [and] Educational Occupation form" sent to her in August 2022.[17] Reliance requested that this information be provided by April 11, 2023.[18] The Administrative Record reflects several follow-up e-mails indicating that Nelson failed to provide the information by April 11th but that Reliance granted several extensions of the deadline to provide the information.[19] A note in the

---

[8] *Id.* at 272.
[9] *Id.*
[10] *Id.* at 134.
[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.* at 123.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 124-126.

3

administrative record dated May 3, 2023 indicates that Reliance ultimately received the information previously requested.[20] The administrative record includes medical records from Ochsner Shreveport, Christus Health records, records from Nelson's treating physicians, and the completed "Authorization to Release Information, Activities of Daily Living, [and] Educational Occupation form."

On May 5, 2023, Reliance informed Nelson that her appeal would require an "independent physician review" of her medical records.[21] Reliance submitted Nelson's medical information to a neurologist, Dr. Anthony Geraci, to conduct the independent review.[22] On May 22, 2023, Reliance notified Nelson that Dr. Geraci had concluded that she was not "totally disabled" within the meaning of the benefits plan.[23] Reliance invited Nelson to respond and provide additional information relevant to her appeal by June 5, 2023.[24] The record reflects that Nelson did not respond or provide further information by June 5th. On June 30, 2023, Reliance formally denied Nelson's appeal.[25] Reliance notified Nelson of its decision on July 11, 2023.[26]

On July 21, 2023, Nelson retained a lawyer, J. Price McNamara, to represent her in connection with her disability claim.[27] Mr. McNamara requested a copy of the claim from Reliance shortly after his retention and, on August 25, 2023, Reliance produced the claim file. The administrative record does not reflect any activity until March 25, 2024—almost nine months after Reliance made a final decision on Nelson's appeal. On March 25th, Nelson's lawyer submitted to Reliance 528 pages of medical records and a sworn statement by Nelson and requested that

---

[20] *Id.* at 127.
[21] *Id.* at 128.
[22] *Id.* at 130.
[23] *Id.* at 131; ECF No. 7-2 at 261.
[24] ECF No. 7-1 at 131.
[25] *Id.* at 133.
[26] *Id.* at 134.
[27] ECF No. 11 at 2.

4

Reliance reconsider its decision to deny Nelson's claim. Reliance responded that its claim determination and subsequent appeal process had been completed and the file closed. Accordingly, Reliance refused to re-open Nelson's case. Nelson filed the present action on September 24, 2024.

The Court subsequently issued an ERISA case management order requiring the parties to first address whether the administrative record was complete.[28] If the parties disputed whether the record was complete, the Court's order required the parties to file motions for summary judgment addressing the completeness of the administrative record. The parties filed the instant three motions addressing the completeness of the Administrative Record. Nelson initially filed a "motion in limine" with respect to the record. Reliance then filed a motion for summary judgment and Nelson followed up with a cross-motion for summary judgment. The sole issue with respect to these motions is the completeness of the administrative record and whether the record should include the 582 pages of supplemental documents that Nelson provided to Reliance after she had exhausted her administrative appeal.

## II.
### THE SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[29] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[30] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[31] As summarized by the Fifth Circuit:

---

[28] ECF No. 5.
[29] Fed. R. Civ. P. 56(a).
[30] *Id.*
[31] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[32]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[33] "Credibility determinations are not part of the summary judgment analysis."[34] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[35] Under Rule 56(f), a court may "[a]fter giving notice and a reasonable time to respond … (1) grant summary judgment for a nonmovant; (2) grant the motion on grounds not raised by a party; or (3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

## III.
### DISCUSSION

**A. The Relevant Law.**

This Court's review under ERISA focusses on both procedure and the substance of the administrator's decision. The present motions focus solely on procedure—the completeness of the

---

[32] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[33] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[34] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[35] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

administrative record before the administrator when the claims decision was made. ERISA requires that an administrator follow certain procedures when denying a claim for benefits.[36] Section 1133 provides that "every employee benefit plan shall ... afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."[37] The regulations issued by the Department of Labor under ERISA establish the "minimum requirements" for a "full and fair review."[38] These regulations state that an ERISA plan must "establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations (hereinafter collectively referred to as claims procedures)."[39] These regulations then describe in detail the requirements for a "reasonable" claims procedure with respect to different types of ERISA plans, including plans providing disability benefits. Specifically, a plan must provide a timely explanation of an administrator's decision to deny a claim and allow a beneficiary to submit medical records and information supporting their claim.[40] A plan must also provide beneficiaries with an opportunity to appeal a denial of benefits and to provide additional documents and information supporting their claim.[41] The regulations require the administrator to complete its review of an appeal within 45 days.[42] "Challenges to ERISA procedures are evaluated under the substantial compliance standard."[43] Under that standard, "technical noncompliance with ERISA procedures will be excused so long as the purposes of section 1133 have been fulfilled."[44]

---

[36] *Wade v. Hewlett–Packard Dev. Co. LP Short Term Disability Plan*, 493 F.3d 533, 539 (5th Cir.2007).
[37] 29 U.S.C. § 1133(2).
[38] 29 C.F.R. § 2560.503-1(a).
[39] *Id.* at § 2560.503-1(b).
[40] *See, e.g.*, 29 C.F.R. § 2560.503-1(d).
[41] *See, e.g.*, 29 C.F.R. § 2560.503-1(h).
[42] *See, e.g.*, 29 C.F.R. § 2560.503-1(d).
[43] *Robinson v. Aetna Life Ins. Co.*, 443 F.3d 389, 392 (5th Cir.2006).
[44] *Id.* at 393 (internal quotation marks omitted).

As far as the administrative record, Fifth Circuit precedent requires a reviewing court to "focus on the evidence that was before the [administrator] when the final benefit determination was made."[45] In other words, a reviewing court generally cannot expand the record to include information that was not properly before the administrator. Here, Nelson argues that the administrative record should include documents and information that were provided to Reliance almost nine months after Reliance decided Nelson's appeal on June 30, 2023. In *Vega v. Nat'l Life Ins. Servs., Inc.*, the Fifth Circuit held that "the administrative record consists of relevant information made available to the administrator prior to the complainant's filing of a lawsuit in a manner that gives the administrator a fair opportunity to consider it."[46] The beneficiaries in *Vega* had filed suit under ERISA challenging the administrator's denial of health benefits. The beneficiaries attempted to introduce new evidence relevant to their claim while the lawsuit was pending. The district court granted summary judgment on the ground, *inter alia*, that it could not consider evidence that was not properly before the administrator. On appeal, a panel of the Fifth Circuit reversed, holding that the administrator of an ERISA plan has a duty to conduct a good faith, reasonable investigation of a beneficiary's claim, and that a reviewing court can consider evidence outside the administrative record to determine whether the administrator had complied with that duty.[47] On rehearing *en banc*, the Fifth Circuit rejected the panel's reasoning and held that the district court correctly held that it could not consider evidence that was not previously provided to the administrator "in time for a fair consideration."[48]

---

[45] *Denton v. First Nat'l Bank of Waco*, 765 F.2d 1295, 1304 (5th Cir. 1985); *see also Black v. Long Term Disability Ins.*, 582 F.3d 738, 746 n.3 (7th Cir. 2009)
[46] 188 F.3d 287, 300 (5th Cir. 1999) (en banc).
[47] *Id.*
[48] *Id.*

### B. The Parties' Arguments.

Nelson argues that the 582 pages of additional medical records provided to Reliance on March 25, 2024 should be included in the administrative record even though they were not provided until almost nine months after Reliance made its final decision on Nelson's appeal. Nelson argues that these documents were provided to Reliance six months before she filed the present action and, therefore, Reliance had a "fair opportunity to consider" these records. Accordingly, Nelson contends that these records should be included in the administrative record under the Fifth Circuit's holding in *Vega*. Nelson also points out that she was not represented by counsel in connection with the original claim process and appeal, and that she only retained counsel after Reliance's disposition of her appeal in June 2023.

Reliance argues that *Vega* does not support re-opening the administrative record once the administrative appeal process has been completed. In that regard, Reliance points to the procedural requirements in 29 C.F.R. § 2560.503-1 and argues that these provisions do not require multiple appeals of an adverse claim determination. Reliance argues that it fully complied with the procedural requirements of the statute and the regulations in handling Nelson's claim as well as the appeal of the denial of her claim. According to Reliance, Nelson had a full and fair opportunity to support her claim during the appeal.

### C. The Completeness of the Administrative Record.

*Vega*'s broad holding has created some difficulty for courts addressing requests to expand the administrative record to include documents submitted to the administrator after the beneficiary has exhausted his or her administrative appeal but before the beneficiary files suit. Indeed, the Fifth Circuit recognized this uncertainty in *Anderson v. Cytec Ind., Inc.*:[49]

---

[49] 619 F.3d 505, 516 (5th Cir. 2010).

> Subsequent panels of this court and several district courts within the circuit have wrestled with this language from *Vega*, which could be read to allow claimants to add material to the administrative record long after exhausting their final administrative appeal, even without a showing that the evidence was unavailable to them while their administrative appeal was pending or that they made a good-faith effort to discover or submit the information during the administrative process.

The *Anderson* court ultimately concluded that it "need not address the thorny timing issues posed by *Vega*" because the supplemental information in that case was "either cumulative" or "largely irrelevant" to the beneficiary's claim.[50]

Courts addressing similar requests have largely rejected efforts to include documents in the record that were not before the administrator at the time the beneficiary exhausted his or her administrative appeal. For example, in *Shedrick v. Marriott Int'l, Inc.*,[51] the ERISA plan beneficiary submitted supplemental evidence supporting his claim after the plan administrator had made a final determination of his administrative appeal. Shedrick argued that the plan administrator failed to provide him with a "full and fair review" under ERISA because it did not consider this new evidence. In affirming the district court, the Fifth Circuit reviewed the administrative record and concluded that there "was 'a meaningful dialogue between the beneficiary and the administrator' during the review process," and that the beneficiary had an opportunity to provide all of the records and information supporting his claim before he exhausted his administrative appeal.[52] Accordingly, the Fifth Circuit concluded that the administrator had "substantially complied" with the requirements of ERISA to provide a full and fair review of the beneficiary's claim.[53]

---

[50] *Id.*
[51] 500 Fed. Appx. 331, 339 (5th Cir. 2012) (unpublished). While *Shedrick* is unpublished, it is cited in *Killen v. Reliance Standard Life Ins. Co.*, 776 F.3d 303, 311 (5th Cir. 2015), which is discussed below.
[52] *Id.* at 339-340.
[53] *Id.*

In *Killen*, the Fifth Circuit cited *Shedrick* in affirming the District Court's refusal to consider documents provided to the plan administrator after the administrative appeal process had been exhausted and the file closed.[54] As Nelson points out, Killen is distinguishable in the sense that the beneficiary in that case was provided with two administrative appeals and the documents at issue were provided after the exhaustion of the second appeal.[55] In the present case, Nelson was afforded one appeal. But as Reliance points out, neither ERISA nor the regulations issued under ERISA require an administrator to hear multiple appeals of a claims denial and Reliance's plan regulations do not provide for multiple appeals.

In *Dix v. Blue Cross and Blue Shield Ass'n*,[56] the Fifth Circuit ruled that the district court properly denied a beneficiary's request to supplement the administrative record with documents provided to the administrator after the exhaustion of the administrative appeal and the administrator had issued a final decision. According to the court, the administrator "gave Dix ample opportunity to supplement the administrative record prior to making a final decision on Dix's benefits eligibility appeal."[57] As Nelson correctly notes, the supplemental records in *Dix* were provided to the administrator over a year and three months after the final determination of her appeal.[58] However, in the present case, the supplemental records were provided to Reliance almost nine months after it made its final decision on Nelson's appeal. This six-month difference is not a meaningful distinction between *Dix* and the present case.

As in *Shedrick, Killen*, and *Dix*, the timing issue in the present case differs from *Vega*. *Shedrick, Killen*, and *Dix* show that *Vega* cannot be broadly applied to cases where a beneficiary

---

[54] 776 F.3d at 311.
[55] 776 F.3d at 311.
[56] 613 Fed. App'x 293 (5th Cir. 2015).
[57] *Id.* at 296.
[58] *Id.*

11

attempts to supplement the record after exhausting his or her administrative appeals. As long as the administrator substantially complies with the procedural requirements of 29 C.F.R. § 2560.503-1, engages in a "meaningful dialogue" with the beneficiary, and provides a beneficiary with a "full and fair" review, courts generally have not allowed beneficiaries to re-open the administrative record and add supplemental records and information that was not before the administrator when the administrative appeal process was exhausted.

Based on the administrative record through June 30, 2023, Reliance substantially complied with the procedural requirements of 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. Reliance notified Nelson that the eligibility standard for her disability benefits would change on the two-year anniversary of her claim.[59] It also provided her with a detailed form that she needed to complete—the "Authorization to Release Information, Activities of Daily Living, [and] Educational Occupation form"—and instructed her to provide medical records and information to support her continued eligibility.[60] When Nelson did not respond, Reliance denied her claim and informed her of her right to appeal the denial of her claim.[61] When Nelson appealed, Reliance provided her with another opportunity to provide the required form and the medical records and information that supported her continued eligibility.[62] After a delay, Nelson ultimately provided that information. Reliance then submitted Nelson's medical records and information to a neurologist to conduct an independent medical review.[63] When that medical review supported Reliance's initial decision to deny benefits, Reliance notified Nelson of the results and provided her with an opportunity to respond and provide additional medical records and information.[64]

---

[59] ECF No. 7-1 at 271.
[60] *Id.*
[61] *Id.*
[62] *Id.* at 123.
[63] *Id.* at 128.
[64] *Id.* at 130-131.

Nelson did not respond and Reliance denied her appeal.[65] Under Reliance's claims procedure, that denial exhausted Nelson's administrative remedies. Nelson's filings do not identify any instances where Reliance failed to substantially comply with the procedural requirements of the statute and the regulations. Nor has she pointed to any evidence showing that Reliance failed to provide her with a full and fair review of her claim prior to the denial of her appeal. The fact that Nelson did not take the opportunity to respond or supplement the record before she exhausted her appeal does not undermine the fairness of the process because, as the Fifth Circuit has recognized, "ERISA requires *both* the beneficiary and the fiduciary to avail themselves of the administrative process."[66]

Turning to the approximately 582 pages of new records and information that Nelson seeks to include in the administrative record, almost half of the records—approximately 289 pages—are physical therapy records reflecting Nelson's treatment from July 2023 through November 2023.[67] These records thus reflect treatments that occurred up to four months *after* Reliance made a final decision on Nelson's appeal. As Reliance argues, it was bound by a 45 to 90-day time period to decide Nelson's appeal under 29 C.F.R. § 2560.503-1 and, accordingly, did not have a "reasonable opportunity" to consider these records before it had to make a final decision on Nelson's appeal. Moreover, Nelson does not explain in any of her briefing whether these physical therapy documents provide new information that could have resulted in a different outcome. The remaining supplemental documents include hospital records and test results dated before June 2023.[68] But these records appear to be duplicates of the hospital and medical records that are already in the administrative record. Again, Nelson does not explain how these "new" records differ from the information that is already in the administrative record. Without more explanation, it appears that

---

[65] *Id.* at 132-133.
[66] *Dwyer v. United Health Care Ins. Co.*, 115 F. 4th 640, 651 (5th Cir. 2024).
[67] ECF No. 8.
[68] ECF No. 9.

many of these medical records are merely cumulative or irrelevant to Reliance's decision to deny Nelson's appeal.

Finally Nelson argues that the record should be supplemented because she was not represented by counsel during her administrative appeal. Neither ERISA nor the regulations issued under ERISA make any distinction between beneficiaries who pursue their claims pro se and beneficiaries who are represented by counsel. Nor is there any evidence that Nelson was prevented from retaining counsel at any stage during Reliance's appeal process. Moreover, nowhere in her briefing does Nelson explain how the benefits decision would have been any different if she had retained counsel.

Accordingly, the Court concludes that Reliance substantially complied with the procedural requirements of the statute and 29 C.F.R. § 2560.503-1 and provided Nelson with a full and fair review of her disability benefits claim. The nine-month delay in providing the supplemental documents did not provide Reliance with a reasonable opportunity to review the documents prior to Nelson exhausting her administrative appeal. Supplementing the administrative record now with these documents would, contrary to Fifth Circuit precedent, require the Court to consider evidence that was not before Reliance at the time "the final benefit determination was made."[69] The Court, therefore, grants Reliance's Motion for Summary Judgment with respect to the administrative record and denies Nelson's Motion in Limine and Cross-motion for Summary Judgment. The administrative record is limited to the document filed by Reliance as ECF No. 7.

## IV.
### CONCLUSION

For the reasons stated above, the Court **GRANTS** the Motion for Summary Judgment filed by the administrator, Reliance Standard Life Insurance [ECF No. 12], and **DENIES** the Motion in

---

[69] *Denton*, 765 F.2d at 1304.

Limine [ECF No. 11] and the Cross-Motion for Summary Judgment [ECF No. 16] filed by plaintiff Andrea Nelson. The administrative record is limited to the document filed by Reliance as ECF No. 7.

THUS DONE in Chambers on this 30th day of September, 2025.

 

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE